

**LIZ MURRILL**
ATTORNEY GENERAL

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

July 11, 2024

**VIA ECF**
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

  Re: *Voice of the Experienced v. LeBlanc*, No. 24-30420

Dear Mr. Cayce:

  I write in response to the July 10 letter filed by Plaintiffs, ECF No. 38, which states named Plaintiff Damaris Jackson was assigned to Line 24 "on or around July 2, 2024" and includes a declaration from Jackson stating he has "refused to work." I, the Department of Corrections' in-house counsel, LSP Warden Tim Hooper, Deputy Warden Ashli Oliveaux, and Assistant Warden Maghen Gagnard were unaware of this error—which is a direct violation of the Warden's standing directive.

  As explained in Assistant Warden Gagnard's attached affidavit, given Plaintiffs' allegations and out of an abundance of caution, Warden Hooper expressly directed in May that the named Plaintiffs are prohibited from working in the field on the Farm Line, indefinitely. Since only named Plaintiffs Myron Smith and Alvin Williams were then assigned to the Farm Line, Assistant Warden Gagnard relayed their names, along with Warden Hooper's directive, to the relevant supervising officers. Named Plaintiff Damaris Jackson and the other named Plaintiffs were not assigned to the Farm Line, and thus the supervising officers did not receive their names in conjunction with Warden Hooper's directive.



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

Because of this error, Jackson was inadvertently assigned to the Farm Line in late June and he has received disciplinary violations for refusing to work in the field. Those violations have been expunged because they violate Warden Hooper's directive. Jackson also has been prohibited from working in the field, and the relevant supervising officers have been apprised of Warden Hooper's directive with regard to each named Plaintiff.

I apologize for this error. I can confirm that, as represented in the State's stay briefing, no named Plaintiff is currently working in the field nor will they be required to do so, indefinitely.

Respectfully submitted,

*/s/J. Benjamin Aguiñaga*
J. Benjamin Aguiñaga
 Solicitor General of Louisiana

*Counsel for Appellants*

cc:   All Counsel (via ECF)

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

### AFFIDAVIT

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**Assistant Warden Maghen Gagnard**

Who, based up her personal knowledge, did depose and say the following:

1. I am employed by Louisiana State Penitentiary ("LSP") as the Assistant Warden for Support. As part of my job duties, I have personal knowledge of the operations of LSP and the facts outlined in this affidavit.

2. On May 13, 2024, Warden Tim Hooper, Deputy Warden Ashli Oliveaux, and I were notified by counsel that certain named plaintiffs had filed for a preliminary injunction and temporary restraining order regarding work on the farm line.

3. In light of plaintiffs' allegations, and out of an abundance of caution, Warden Tim Hooper verbally communicated to me that plaintiffs assigned to the farm line would no longer be required to work in the fields.

4. Upon receiving the verbal order from Warden Tim Hooper, I verbally informed the appropriate supervising officers of the farm line operations that named

plaintiffs currently assigned to the farm line were no longer required to work in the fields per the order from Warden Tim Hooper.

5. Damarius Jackson, D.O.C. #454295, was not assigned to the farm line at any point during this time period, and my communications to the supervising officers of the farm line only referenced those inmates *currently assigned* to the farm line at the time of plaintiffs' legal filing—*i.e.*, named plaintiffs Myron Smith and Alvin Williams—and thus potentially required to work in the field.

6. I neglected to include Damarius Jackson and the named plaintiffs other than Myron Smith and Alvin Williams in my communications because they were not currently assigned to the farm line.

7. Damarius Jackson was returned to Farm Line 24/25 at Camp D on June 25, 2024.

8. Correctional officers at Camp D were unaware that Damarius Jackson was a party to this litigation because his name was never relayed to them as a named plaintiff.

9. In conflict with Warden Tim Hooper's order, Damarius Jackson was mistakenly instructed to work in the field on July 1, 2024.

10. When Damarius Jackson refused to report for work, he received disciplinary violations for Rule #5 (Disobedience) and Rule #28 (Work Offenses).

11. These disciplinary violations have been expunged from Damarius Jackson's conduct report, as they were erroneously issued in conflict with Warden Tim Hooper's order.

12. I have taken additional measures to clearly instruct all relevant LSP personnel that all named plaintiffs in this litigation (including Damarius Jackson), whether or not currently assigned to the farm line, are indefinitely prohibited from field work on the farm lines. Specifically, each of the named plaintiffs has a "no duty" status, which means they do not have a job—and the notation "<u>NO</u> fieldline" has been attached to each plaintiff.

_____
Maghen Gagnard
Assistant Warden for Support

Sworn to and subscribed before me this 11th day of July, 2024.

_____
NOTARY PUBLIC

OFFICIAL SEAL
JONATHAN R. VINING
NOTARY ID # 30781
STATE OF LOUISIANA
PARISH OF EBR
My Commission is for Life