No. 24-30420

# In the United States Court of Appeals for the Fifth Circuit

Voice of the Experienced, a membership organization on behalf of itself and its members; Myron Smith, Individually and on behalf of all others similarly situated; Damaris Jackson, Individually and on behalf of all others similarly situated; Nate Walker, Individually and on behalf of all others similarly situated; Darrius Williams, Individually and on behalf of all others similarly situated; Kevias Hicks; Joseph Guillory; Kendrick Stevenson; Alvin Williams,

*Plaintiffs-Appellees*

v.

Gary Westcott, Secretary, Louisiana Department of Public Safety and Corrections; Tim Hooper, Warden, Louisiana State Penitentiary; Misty Stagg, in her official capacity as Director of Prison Enterprises, Incorporated; Louisiana Department of Public Safety and Corrections; Prison Enterprises, Incorporated,

*Defendants-Appellants*

On Appeal from the United States District Court
for the Middle District of Louisiana
No. 23-cv-1304, Hon. Brian A. Jackson

**Appellants' Reply Brief**

*(Counsel listed on inside cover)*

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

INTRODUCTION.............................................................................................. 1

ARGUMENT .................................................................................................... 2

CONCLUSION ............................................................................................... 10

CERTIFICATE OF SERVICE......................................................................... 12

CERTIFICATE OF COMPLIANCE................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Arnold v. U.S. Dep't of Interior*,
   213 F.3d 193 (5th Cir. 2000) ............................................................. 10

*Odle v. Flores*,
   683 F. App'x 288 (5th Cir. 2017) ..................................................... 1, 10

*Smith v. Edwards*,
   88 F.4th 1119 (5th Cir. 2023) ..................................................... passim

*Staley v. Harris Cnty.*,
   485 F.3d 305 (5th Cir. 2007) ................................................................ 4

*Yates v. Collier*,
   677 F. App'x 915 (5th Cir. 2017) ............................................... 1, 3, 6, 8

**Rules**

Fed. R. App. P. 40(b)(2)(A) ...................................................................... 1

Fed. R. App. P. 31(a)(1) ........................................................................... 5

# INTRODUCTION

Plaintiffs rightly "agree that the district court's [preliminary injunction] has expired by operation of law under the [Prison Litigation Reform Act (PLRA)]." Resp. Br. 3. They thus also agree that "this appeal [is] moot and that, accordingly, this Court should dismiss the appeal on jurisdictional grounds." *Id.* That should end the matter.

Yet Plaintiffs go further, urging a panel of this Court to reject binding Fifth Circuit precedent by refusing to vacate the district court's injunction order. *See Smith v. Edwards*, 88 F.4th 1119, 1127 (5th Cir. 2023) ("[W]e dismiss Defendants' appeal as moot and vacate the district court's preliminary injunction."); *see also Yates v. Collier*, 677 F. App'x 915, 918 (5th Cir. 2017) (per curiam) ("We, in turn, vacate the district court's order."). "*That* the rule of orderliness prohibits." *Odle v. Flores*, 683 F. App'x 288, 289 (5th Cir. 2017) (per curiam). As a result, the Court should summarily dismiss this appeal as moot and vacate the district court's July 2 injunction order without oral argument.

If, however, the Court were inclined to part ways with *Smith* and *Yates* (thereby requiring en banc review, *see* Fed. R. App. P. 40(b)(2)(A)), the State would respectfully request oral argument.

1

# ARGUMENT

As the State explained, Op. Br. 12–18—and as Plaintiffs now agree, Resp. Br. 16–17 & n.2—the district court's preliminary injunction has expired by operation of law under the PLRA. This appeal from the July 2 injunction order is thus moot. And the only remaining question is whether to vacate that order in dismissing this appeal as moot. This Court's decisions in *Smith* and *Yates* unequivocally answer that question "yes." *See Smith*, 88 F.4th at 1127 ("Based on the foregoing, we dismiss Defendants' appeal as moot and vacate the district court's preliminary injunction."); *Yates*, 677 F. App'x at 918 ("We dismiss the TDCJ's appeal as moot, vacate the district court's order, and remand for proceedings consistent with this opinion.").

In response, Plaintiffs try to side-step *Smith* and *Yates*, pretending for most of their vacatur analysis that those cases do not exist. *See* Resp. Br. 17–22 (not mentioning *Smith* and *Yates*). Then, when they devote a single paragraph to *Smith* and *Yates* (*see id.* at 22–23), they effectively ask a panel of this Court to reject those decisions. This is not serious analysis given the rule of orderliness. The panel should thus reject

Plaintiffs' position out of hand and vacate the July 2 injunction order in a straightforward application of *Smith* and *Yates*.

**1.** Plaintiffs principally claim that vacatur "would not be" in the public interest because "[t]he injunctive relief was put into place in order to protect the health, safety, and constitutional rights of the men assigned to the Farm Line during the 2024 heat season." *Id.* at 18. *Smith* and *Yates* reject that argument twice over.

*First*, neither *Smith* nor *Yates* conducted a "public interest" analysis before vacating the district courts' injunction orders. The Court should not do so here either.

*Second*, the plaintiffs in those cases could have made precisely the same "public interest" argument Plaintiffs press here, yet the Court vacated the orders anyway. *See Yates*, 677 F. App'x at 917 (injunction entered to prevent "expos[ure] to extreme heat throughout the summer months" and water that "contains more arsenic than" prescribed as tolerable by federal regulations); *Smith*, 88 F.4th at 1123 (injunction entered to prevent Office of Juvenile Justice from "confining [juveniles] in cells for more than eight hours a day, not providing adequate counseling and educational services, and improperly using chemical

spray and handcuffs"). Indeed, because a PLRA-governed injunction can *always* be said to be in the public interest in the sense that it purports to remedy prisoners' injuries, Plaintiffs' argument would bar vacatur of literally *every* injunction order governed by the PLRA—which perhaps explains why *Smith* and *Yates* do not reflect Plaintiffs' preferred view of the law.

In sum, Plaintiffs make no attempt to reconcile their position with *Smith* and *Yates*, and thus the Court should reject that position.[1]

**2.** Plaintiffs next claim that the State is "entirely to blame for the mootness of [its] appeal" because it did not "initiate[] briefing far earlier and [leave] sufficient time for this Court to rule on substantive grounds." Resp. Br. 19–20; *id.* at 20 (complaining that the State "not only [took] the full period of time allocated under Rule 31, but also request[ed] two separate extensions"); *but see* ECF 56, 58 (noting that Plaintiffs consent to the extensions).[2]

---

[1] Even if the Court were to run a public-interest analysis, moreover, the public plainly has no interest in the precedential effect of an injunction order as to 60% of which a Fifth Circuit stay panel deemed it likely unlawful. *See* ECF 41-1 at 10.

[2] In the same breath, Plaintiffs claim that "the mootness of this appeal is not the result of [their] unilateral actions." Resp. Br. 19. This is a reference to black-letter law stating that "vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the lower court." *Staley v. Harris Cnty.*, 485 F.3d 305, 310 (5th Cir. 2007) (en banc). If Plaintiffs mean to suggest that vacatur must *not*

4

As an initial matter, to the extent Plaintiffs hint that the Court's granting an unopposed Level 1 30-day extension and an unopposed 14-day extension is relevant, Plaintiffs never (and could not) substantiate their innuendo that such unopposed extension requests were nefarious. Moreover, Plaintiffs never acknowledge that—under this Court's original briefing schedule—the mootness issue (September 30) would not have arisen until after Plaintiffs filed their response brief (due September 25). *See* ECF 48; Fed. R. App. P. 31(a)(1); *see also* Op. Br. 19 (emphasizing this point). Thus, when the State would have inevitably raised the mootness issue in its October 16 reply brief under the original schedule, Plaintiffs (and the Court and the State) would have been in exactly the same position they are in now. *Cf.* Resp. Br. 20–21 (complaining that Plaintiffs "had no opportunity to respond … until after the injunction had already expired"). Their hand-waving is pure distraction.

More fundamentally, Plaintiffs flip *Smith* and *Yates* on their heads without even acknowledging those decisions. There, as here, the

---

be granted if mootness does *not* result from the unilateral action of the party who prevailed in the lower court, that is a logical fallacy. *See id.* (this is only one "example" where vacatur is warranted). But more importantly, as discussed above, *Smith* and *Yates* treat the situation in this case as one where, in fact, mootness did result from Plaintiffs' unilateral (in)action.

5

government was the appellant. There, as here, the injunction expired during the appeal. And in both cases, this Court held that fault for the injunctions' expiration rested with the *plaintiff-appellees*. *Smith*, 88 F.4th at 1127 ("Plaintiffs could have sought an extension to extend its duration."); *Yates*, 677 F. App'x at 918 ("[T]he prisoners could have sought an extension in order to allow us to review [the injunction] on appeal. They chose not to do so."). That makes eminent good sense: It is not the State's job to keep an injunction against the State alive. For Plaintiffs to airily proclaim that *the State* bears the blame for their own injunction expiring is thus directly contrary to *Smith* and *Yates*—and entirely nonsensical.

**3.** Plaintiffs appear to recognize that they lose their own blame game, because they shift to a complaint that it "would have made no sense" for Plaintiffs to try to keep the injunction alive since, "[b]y the time the injunctive relief expired, it was autumn, and [the] specific heat risks had abated simply as a result of the changing seasons." Resp. Br. 21. This complaint fails for two reasons.

*First*, even if Plaintiffs were correct, that would reinforce the *Smith* Court's recognition that, "[h]aving been 'frustrated by the vagaries of

circumstance, [Defendants] ought not in fairness be forced to acquiesce in the judgment.'" 88 F.4th at 1127. As the State explained in its opening brief, "vacatur is independently warranted given the vagaries of circumstance and the fact that State official defendants do 'not cause mootness by voluntary action' when the PLRA's 90-day clock automatically expires by operation of law." Op. Br. 20 (quoting *Smith*, 88 F.4th at 1127). Just as automatic expiration by law "is completely out of a State official's control," *id.*, so, too, is the changing of the seasons.

*Second*, Plaintiffs misrepresent the record in claiming that the heat risks prompting their lawsuit had abated by September 30, when the injunction expired. For approximately 40 days after the injunction's expiration, Plaintiffs submitted status reports to the district court stating that the relevant temperature exceeded 88 degrees Fahrenheit— which Plaintiffs tell this Court is "extreme heat," "especially dangerous," and "pos[es] significant risks to human health and safety from heat-related illness," Resp. Br. 1, 6; *see id.* at 7 ("Plaintiffs-Appellees asked the district court to enjoin Defendants-Appellants from operating the Farm Line when the heat index meets or exceeds 88 degrees Fahrenheit.").

- Dist. Ct. ECF 127 (temperature met or exceeded 88 degrees Fahrenheit on September 30, October 1, October 2, October

7

- 3, and October 4, and Farm Line worked at that temperature on October 1, 2, and 3).

- Dist. Ct. ECF 128 (temperature met or exceeded 88 degrees Fahrenheit on October 7 and 10, and Farm Line worked at that temperature on both days);

- Dist. Ct. ECF 149 (temperature met or exceeded 88 degrees Fahrenheit on October 30, and Farm Line worked at that temperature on that day).

- Dist. Ct. ECF 151 (temperature met or exceeded 88 degrees Fahrenheit on November 4 and 7, and Farm Line worked at that temperature on both days).

It is thus remarkable to read Plaintiffs' representation to this Court that a post-September 30 injunction would have been "futile" and "made no sense," Resp. Br. 19 n.3, 21, when, during the same period, Plaintiffs were telling the district court that the same "extreme heat" conditions persisted through November, *id.* at 3. Just like the plaintiff-appellees in *Smith* and *Yates*, Plaintiffs here "could have sought an extension" of the injunction, but "[t]hey chose not to do so." *Yates*, 677 F. App'x at 918; *accord Smith*, 88 F.4th at 1127.[3] Thus, as in those cases, this Court should, "in turn, vacate the injunction order." *Yates*, 677 F. App'x at 918.

---

[3] As the State explained in its opening brief, Op. Br. 19–21, the term "extension" in this context warrants extreme caution. Because the plaintiffs in *Smith* and *Yates* did not attempt to "extend" their injunctions under any meaning of that term, this Court did not have occasion to specify what "extending" an injunction under the PLRA means. The same is true here, since Plaintiffs concededly did not seek to extend their injunction in any sense of that word. *See id.* at 20 ("[T]he Court

**3.** Plaintiffs' only other argument against vacatur is an overt attempt to litigate the State's compliance with the now-moot injunction. *See* Resp. Br. 21 ("Defendants-Appellants' conduct following the Order is more deserving of sanction than equitable relief"). Plaintiffs, however, have never appealed to this Court any issue regarding the State's compliance. And because Plaintiffs now concede that the injunction is moot, it would doubly wrong to entertain their collateral attack on the State's compliance. *See Smith*, 88 F.4th at 1124 (Generally, when an injunction expires by its own terms, it is moot and there is nothing to review." (cleaned up)).

Moreover, contrary to Plaintiffs' aspersions, it bears noting that the district court never entered an order suggesting that the State acted inadequately or in bad faith in complying with the district court's August 15 order, Dist. Ct. ECF 109, which contained the district court's instructions implementing the unstayed portion of the July 2 injunction.

---

[] need not elaborate on the 'extension' point here because it is undisputed that Plaintiffs—as of this filing—allowed their preliminary injunction to expire and have not sought any extension."). If the Court writes any more on the issue, however, the State respectfully urges the Court to confirm that, "given the PLRA's reference to a 'final' order, only a *permanent* injunction can 'extend' a preliminary injunction under [the] PLRA." *Id.* at 20–21; *see also id.* at 16–18 (discussing related decisions from the Ninth, Eleventh, and D.C. Circuits).

*See* Dist. Ct. ECF 111 (the State's formalized remedial procedures in response to the August 15 order); Dist. Ct. ECF 132 (the State's update regarding further measures); *contra* Resp. Br. 22 (citing Plaintiffs' own later complaints, Dist. Ct. ECF 144). Plaintiffs' ad hominem attacks are thus meritless in addition to not being properly before the Court.

**4.** As illustrated above, Plaintiffs' real beef is with *Smith* and *Yates*, which dictate the outcome in this case. And in that regard, their second-level obstacle is the rule of orderliness, which requires a panel of this Court to dispose of this appeal just as the Court did in *Smith* and *Yates*. *See Odle*, 683 F. App'x at 289 (citing *Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000)). Plaintiffs are perfectly free to press the issue in an en banc petition, but they are not free to pretend like *Smith* and *Yates* (a) do not exist and (b) do not control the outcome here.

## CONCLUSION

The State respectfully requests that the Court vacate the July 2 injunction order and dismiss this appeal as moot.[4]

---

[4] In its opening brief, the State briefed the merits of the appeal out of an abundance of caution in the event that Plaintiffs elected to claim that the injunction remains live. Because Plaintiffs have now conceded that the injunction has expired, the State has omitted any discussion of the merits here to avoid any unnecessary burden on the Court's time and resources.

Respectfully submitted,

Dated: January 9, 2025

ELIZABETH B. MURRILL
Attorney General of Louisiana

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA
Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 506-3746
AguinagaB@ag.louisiana.gov

## CERTIFICATE OF SERVICE

I certify that on January 9, 2025, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7) because it contains 2,301 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

*/s/ J. Benjamin Aguiñaga*
J. BENJAMIN AGUIÑAGA

Dated:   January 9, 2025